UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT
DATA SECURITY BREACH LITIGATION                                   MDL No. 2664

FILED
OCT 05 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

TRANSFER ORDER

**Before the Panel:**[*] The federal government defendants[1] in this litigation move under 28 U.S.C. § 1407 to centralize the litigation in the District of District of Columbia. The litigation consists of the three actions, one in that district (*American Federation of Government Employees* (*AFGE*)), one in the Northern District of California (*National Treasury Employees Union* (*NTEU*)), and one in the District of Kansas (*Woo*), as listed on Schedule A.[2]

Defendant KeyPoint Government Solutions, Inc. (KeyPoint) supports centralization in the District of District of Columbia. The *AFGE* and *Woo* plaintiffs also support centralization in District of District of Columbia, as does the plaintiff in a potential tag-along action (*Krippendorf*) pending in that district. Plaintiffs in potential tag-along actions pending in the District of Colorado (*McGarry*) and the Central District of California (*Hanagan*) favor selection of the District of Colorado as transferee district.[3] Plaintiffs in a potential tag-along action (*Oravis*) pending in the Eastern District of Virginia support selection of that district. The *NTEU* plaintiffs oppose

---

[*] All Panel members appear to have interests that would usually disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter. Accordingly, the Panel invoked the Rule of Necessity, and all Panel members participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re: Adelphia Commc'ns Corp. Sec. & Derivative Litig. (No. II)*, 273 F. Supp. 2d 1353 (J.P.M.L. 2003); *In re: Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357-58 (J.P.M.L. 2001).

[1] The federal government defendants are the U.S. Office of Personnel Management, Beth F. Colbert, in her official capacity as OPM's acting director, and Donna Seymour, in her official capacity as OPM's Chief Information Officer. Katherine Archuleta, OPM's former director, was sued in all three actions, but, under Fed. R. Civ. P. 25(d), Colbert has been substituted in Archuleta's place.

[2] The Panel has been informed of eleven additional related federal actions. Those actions and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] The *Woo* plaintiff supports selection of the District of Colorado, in the alternative.

-2-

centralization, and request that their action be excluded from the MDL, if one is created.

On the basis of the papers filed and the hearing session held, we find that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions – two of which are putative nationwide class actions – share factual issues concerning the recent cybersecurity incidents involving the U.S. Office of Personnel Management (OPM) in which the personally identifiable information of millions of federal government employees, contractors, and others was compromised. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization and requesting that their action be excluded from the MDL, the *NTEU* plaintiffs argue, *inter alia*, that their action differs from the other involved actions in that it is not a class action, names only one defendant (the director of OPM), and involves only a unique constitutional claim. We find these arguments unconvincing. The Panel routinely includes individual and class actions in a single MDL. *E.g., In re: Convergent Tel. Consumer Prot. Act Litig.*, 981 F. Supp. 2d 1385, 1386 (J.P.M.L. 2013). Transfer under Section 1407 does not require a complete identity of parties. *See In re: Bank of N.Y. Mellon Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012). And the presence of a unique legal theory in a given action is not significant where all actions arise from a common factual core. *See In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Here, the substantial factual overlap between *NTEU* and the other actions cannot be gainsaid.

We select the District of District of Columbia as the transferee district for this litigation. The federal government defendants are located in that district, and KeyPoint has an office in nearby Fairfax, Virginia. Relevant documents and witnesses thus likely will be found there. Selection of the district is supported by not only the federal government and KeyPoint but also plaintiffs in two of the three constituent actions, as well as a potential tag-along action.[4] The Honorable Amy Berman Jackson, to whom we assign this litigation, is an experienced jurist, and we are confident that she will steer the proceedings on a prudent course.

---

[4] We also note that the principal plaintiff in *NTEU* is headquartered in Washington, D.C., and therefore will not be inconvenienced by litigating there.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia, and, with the consent of that court, assigned to the Honorable Amy Berman Jackson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT
DATA SECURITY BREACH LITIGATION

MDL No. 2664

## SCHEDULE A

<u>Northern District of California</u>

NATIONAL TREASURY EMPLOYEES UNION, ET AL. v. ARCHULETA,
C.A. No. 3:15-03144

<u>District of District of Columbia</u>

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, ET AL. v. UNITED
STATES OFFICE OF PERSONNEL MANAGEMENT, ET AL., C.A. No. 1:15-01015

<u>District of Kansas</u>

WOO v. UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, ET AL.,
C.A. No. 6:15-01220



**ECF DOCUMENT**
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District and Bankruptcy Courts for the District of Columbia.
ANGELA D. CAESAR, CLERK

Tiffany Gough

Digitally signed by Tiffany Gough
DN: cn=Tiffany Gough, o=U.S. District Court for DC, ou=Operations, email=Tiffany_Gough@dcd.uscourts.gov, c=US
Date: 2015.10.16 14:19:26 -04'00'